# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DANIEL DESKINS,

     Petitioner,

v.                                   CASE NO. 8:05-CV-1625-T-27MSS

WALTER A. MCNEIL,[1]

     Respondent.

_____/

## ORDER

     Petitioner, Daniel Deskins (hereinafter "Deskins" or "Petitioner"), petitions for the writ of

habeas corpus pursuant to Title 28 U.S.C. § 2254 (Dkt. 1). Deskins challenges his 1978 plea

based conviction for second degree murder entered by the Sixth Judicial Circuit, Pasco County,

Florida. Respondent filed a response incorporating a motion to dismiss the petition as untimely

(Dkt. 13). Deskins filed a reply to the response (Dkt. 16), and three supplements to the reply

(Dkts. 17-18, 21).

## BACKGROUND

     On September 28, 1977, Deskins was indicted for first degree murder (Dkt. 11, Ex. 2, A).

On March 23, 1978, Deskins, represented by counsel, entered a plea of no contest to the reduced

charge of second degree murder (Dkt. 11, Ex. 2, A-b).[2] On June 6, 1978, Deskins was

---

[1]Walter A. McNeil, the current Secretary of the Florida Department of Corrections, is substituted as
the proper party respondent for James McDonough, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2]One of the newspaper articles Deskins attached as an exhibit to his Emergency Petition for Writ of Habeas
Corpus states Deskins said he did not commit the murder, but that he decided to plea to second degree murder
because he was afraid of the possibility of receiving a death sentence (Dkt. 11, Ex. 2, C-1). Deskins told the trial
judge "I'm pleading because I'm afraid I'm going to get the chair." (Id.). Deskins's attorney stated that Deskins

adjudicated guilty and sentenced to life in prison (Dkt. 11, Ex. 2, F). Deskins did not appeal his

conviction or sentence, nor did he file a post-conviction motion collaterally attacking his

conviction or sentence.

Deskins did, however, file a *pro se* "Emergency Petition for Writ of Habeas Corpus"

(hereinafter "emergency petition" in the District Court of Appeal, Second District of Florida, on

August 1, 2005 (Dkt. 11, Ex. 1). In his emergency petition, Deskins claimed he was actually

innocent. He also claimed that he had recently received from his family the records in his case,

and he alleged the records contained evidence demonstrating that he did not commit the murder

(Id.). On August 5, 2005, the Second District Court of Appeal issued an one sentence order

stating "Petitioner's emergency petition for writ of habeas corpus is denied." (Dkt. 11, Ex. 3);

*see Deskins v. Crosby*, 911 So. 2d 108 (Fla. 2d DCA 2005)[table]. On August 23, 2005,

Deskins's motion to reconsider was denied (Dkt. 11, Ex. 5).

## FEDERAL HABEAS PETITION

On August 29, 2005, Deskins filed his federal habeas petition (Dkt. 1 at 27).[3] Liberally

construed, Petitioner's petition raises three federal constitutional claims: 1) the prosecution

violated his due process rights under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to

---

decided to enter the no contest plea shortly after learning that a pubic hair taken from Deskins in his jail cell matched
a pubic hair found in the victim's home (Id.). In his reply to Respondent's response, Petitioner admits that he entered
the no contest plea to second degree murder "out of fear of being put to death for crimes of rape and premeditated
first degree murder..." (Dkt. 16 at p. 3).

[3]Although the petition was not received by the Clerk's office for filing until September 1, 2005, the
document was executed on August 29, 2005. This circuit considers § 2254 petitions for habeas relief and documents
related thereto "filed" when a *pro se* prisoner delivers one of them to a prison official for mailing. *See Houston v.
Lack*, 487 U.S. 266, 270-71 (1988) (a notice of appeal filed by an incarcerated *pro se* litigant was deemed filed at the
time the inmate relinquished control of it to prison officials); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir.
1999).

disclose to him exculpatory evidence which establishes that another person raped and murdered the victim;[4] 2) his attorney provided ineffective assistance for failing to demand that the prosecution provide the exculpatory evidence to him; and 3) his no contest plea was not knowing, intelligent, and voluntary because neither the trial court, the prosecution, or his defense attorney notified him of the exculpatory evidence prior to entering his plea.

Petitioner asserts that he had no knowledge of the allegedly exculpatory evidence until he discovered it in the records from his case that his family provided to him in 2005, and that the evidence proves he is actually innocent (Dkt. 1 at 25).[5]

As the Court will discuss in more detail *infra*, Deskins's petition is time-barred, his claims are unexhausted and procedurally barred, and Deskins must demonstrate actual innocence before the Court may address the merits of his claims, which he has not done.

**ACTUAL INNOCENCE**

Deskins argues that "newly discovered evidence" and "actual innocence" permit review of the merits of his claims.[6] A habeas petitioner asserting actual innocence to avoid a procedural

---

[4]To prevail on his *Brady* claim, Deskins would have to prove that: (1) the government possessed evidence favorable to him; (2) the defendant did not possess the evidence and could not have obtained it with reasonable diligence; (3) the government suppressed the favorable evidence; and (4) the evidence was material. *LeCroy v. Sec'y, Fla. Dep't of Corr.*, 421 F.3d 1237, 1268 (11th Cir. 2005) (citing *United States v. Meros*, 866 F.2d 1304, 1308 (11th Cir. 1989)). Because it is clear from Deskins's own allegations that the defense was aware of all of the allegedly exculpatory evidence, there was no *Brady* violation.

[5]The evidence Petitioner claims he discovered in the records shortly before filing his petition is the testimony of the medical examiner, Dr. John Shinner, regarding the results of tests on the blood and fluids removed from the victim, deposition testimony of F.B.I. agents regarding the results of tests on blood and hair samples and aluminum particles found on Deskins's pocket knife, and the results of the defense's independent testing of Deskins's saliva (Dkt. 11, Ex. 2).

[6]"Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). A claim of actual innocence is normally used not as a freestanding basis for habeas relief, but rather as a reason to excuse the procedural default of an independent constitutional claim. *See id.* at 404.

3

bar must show that his conviction "probably resulted" from "a constitutional violation." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). The petitioner meets the "probably resulted" standard by demonstrating that, based on new evidence, "that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327, 329.  Most importantly, the petitioner must support the actual innocence claim "with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Id.* at 324.  A petitioner meets the "threshold showing of innocence" justifying "a review of the merits of the constitutional claims" if the new evidence raises "sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317.  Moreover, "the *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538  (2006)(citations omitted).

The evidence which Deskins claims is "new reliable evidence" is the medical examiner's testimony, the FBI agents' deposition testimony adduced by his attorney, and the reports and test results, all of which were in existence prior to entry of his plea (Dkt. 11, Ex. 2).  "In order to qualify as 'new,' the evidence must not have been available at trial and could not have been discovered earlier through the exercise of due diligence." *Marshall v. McDonough*, 2008 WL 1897595, at *5 (M.D. Fla. Apr. 25, 2008) (citing *Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005), *cert. denied*, 547 U.S. 1022 (2006)). *See also, United States v. Starr*, 2008 WL 1868030, at *1 (10th Cir. Apr. 28, 2008)(victim's statements were not "new" evidence where statements were made and available before trial, had been discovered by defense counsel before trial, and could have been presented at trial). Given the availability of the evidence and counsel's

4

knowledge of the evidence prior to the time Deskins entered his plea, it does not qualify as "new reliable evidence."[7]  Accordingly, Deskins cannot meet the threshold showing of actual innocence. *See House v. Bell*, 547 U.S. at 536-37 (A petitioner's burden at the gateway stage is to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt -- or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt)(citation omitted).  Thus, this Court finds that Petitioner had not made a showing of actual innocence.[8]

## PETITION IS TIME-BARRED

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. § 2244(d)(1)(A).  Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Deskins signed his federal habeas petition (hereinafter "petition") on August 29, 2005

---

[7]It is apparent that Deskins merely wants to explore known or available facts to support his claim of actual innocence.  Deskins does not, for example, present new DNA evidence as the defendant did in *House v. Bell.*

[8]Moreover, although the Court finds Dr. Shinner's testimony that he would have expected to find the perpetrator's blood group protein in the fluids removed from the victim's vagina if the perpetrator was a secreter and had a blood type other than "A" (Deskins is a secreter, and his blood type is "O negative") (Dkt. 11, Ex. 2) troubling, this Court cannot find that even "in light of the []evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 329.

(Dkt. 1 at 27).  Because Deskins filed his request for federal habeas relief after the enactment

date of the AEDPA, the petition is governed by the provisions thereof.  *See Webster v. Moore*,

199 F.3d 1256, 1258-59 (11th Cir. 2000), *cert. denied*, 531 U.S. 991 (2000) (applying AEDPA

provisions to petition filed in 1997 challenging 1989 conviction).

**Timeliness Analysis**

As previously noted, on March 23, 1978, Deskins pled guilty to second degree murder,

and on June 6, 1978, he was sentenced to life in prison.  Deskins did not appeal his conviction or

sentence.  Therefore, his judgment became final on July 6, 1978, when the time for taking an

appeal expired.  *See McGee v. State*, 684 So. 2d 241 (Fla. 2nd DCA 1996)(treating judgment and

sentence upon entry of plea as final when time for appeal expired).

Deskins's conviction became final before enactment of the AEDPA.  Thus, if the AEDPA

were applied retroactively, the one-year limitation period would have expired in July, 1979.

However, the Eleventh Circuit has held that "application of the one-year time bar in 28 U.S.C. §

2244(d) to petitions of prisoners, like [Deskins], whose convictions became final long prior to

the effective date of the AEDPA... 'would be unfair, and impermissibly retroactive.' [*Goodman

v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998)]."  *Wilcox v. Florida Dep't of Corrections*,

158 F.3d 1209, 1211 (11th Cir. 1998).  Therefore, prisoners in this position must be allowed a

reasonable period of time after enactment of § 2244(d)'s one-year period of limitation to file their

§ 2254 petitions, and "a reasonable time" is "one year from the AEDPA's effective date." *Id.*

The AEDPA became effective on April 24, 1996.  Accordingly, Deskins had until April

24, 1997 to file his federal habeas petition.

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The one year limitation was not tolled by a properly filed post-conviction motion. Petitioner did not file a Florida Rule 3.850 motion attacking his conviction or sentence. The only post-conviction motion Deskins filed was his emergency petition, which he filed in the state appellate court on August 1, 2005 (Dkt. 11, Ex. 1). The emergency petition did not toll the one-year period of limitation applicable to the instant action, however, as the emergency petition was filed well after the one-year federal limitation period had expired. Any collateral application filed after expiration of the one-year period, even if properly filed, has no tolling effect. In *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001), *cert denied*, 534 U.S. 1144 (2002), the Eleventh Circuit reiterated its holding in *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) that a state court petition that is filed following the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled." *Id.*

Title 28 U.S.C. § 2244(d)(1)(D) provides "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of...the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner claims that he did not have knowledge of the factual predicate of his claim, i.e., the allegedly exculpatory evidence, until a few months prior to filing his petition (Dkt. 1 at 26; Dkt. 16 at 2). Even if Petitioner did not personally have knowledge of this information prior to his no contest plea, Petitioner's attorney had knowledge of the medical examiner's and F.B.I. agents' testimony, and the results of the independent testing of Petitioner's saliva. The attorney's

7

knowledge is imputed to Petitioner. *See Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)(the

trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's factual predicate); *Wood*

*v. Spencer*, 487 F.3d 1, 5 (1st Cir. 2007)(lawyer's knowledge of factual predicate is attributed to

client for purposes of § 2244(d)(1)(D))(citation omitted).  As a result, Petitioner cannot

demonstrate that the evidence was previously unavailable through the exercise of due diligence,

as required by § 2244(d)(1)(D).

Moreover, the one-year period of limitation commences under § 2244(d)(1)(D) when the

factual predicate of a claim could have been discovered through the exercise of due diligence, not

when it actually was discovered. *See Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004)

(citations omitted). Whether a habeas petitioner has exercised due diligence is context-specific,

and the essential question is "whether the petitioner should be expected to take actions which

would lead him to the information." *Wilson v. Beard*, 426 F.3d 653, 661-62 (3d Cir. 2005).  It

has been held that while this standard does not require "the maximum feasible diligence," it does

require reasonable diligence in the circumstances. *Schlueter*, 384 F.3d at 74.  A petitioner can

only avail himself of a later accrual date "if vital facts could not have been known." *Id.*

Petitioner alleges that two months prior to filing his emergency petition in August, 2005,

his family provided him with the records in his case which revealed "to him the truth about the

evidence known to the prosecution deliberately withheld from him prior to entering his plea..."

(Dkt. 11, Ex. 1 at 5).  However, as noted, petitioner's attorney knew of the medical examiner's

and F.B.I. agents' testimony.  Moreover, Petitioner clearly would have known that his counsel

had secured independent testing of Petitioner's saliva prior to the time Petitioner entered his no

contest plea.  Petitioner could have, through the exercise of diligence, inquired into the results of

8

the testing, presuming that he did not make that inquiry before pleading no contest.  Likewise,

Petitioner wholly fails to show he exercised due diligence in obtaining the records, i.e., the

testimony of the medical examiner and F.B.I. agents, and the lab test results, from which he

discovered the allegedly exculpatory evidence.[9]  Petitioner clearly could have requested, and

likely obtained, these records many years before 2005.

Petitioner has not shown the requisite "exercise of due diligence" required to trigger 28

U.S.C. § 2244(d)(1)(D). The factual predicate for his claims was known to Petitioner or his

counsel at the time of his plea, and in any event was available to him through the exercise of due

diligence well before the expiration of his AEDPA limitations period.

Petitioner claims that he is actually innocent, and argues actual innocence is an exception

to AEDPA's limitation period.  This argument is not persuasive, considering this Circuit's

precedent.  This Circuit has not recognized an "actual innocence" exception to the federal

limitations period.  *See Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1315 (11th Cir. 2001);

*Wyzykowski v. Dept. of Corr.*, 226 F.3d 1213, 1217 (11th Cir. 2000). *See also, Ray v. Mitchem*,

272 Fed. Appx. 807, 810 n. 2 (11th Cir. April 3, 2008)(unpublished opinion)("We have not

decided whether a showing of actual innocence is an exception to the one-year statute of

limitations in AEDPA.")(citation omitted).  Review of the case law in this Circuit supports the

conclusion that a claim of actual innocence does not provide a basis to avoid the AEDPA statute

of limitations. *See Taylor v. Secretary, Dept. of Corrections*, 230 Fed. Appx. 944 (11th Cir.

---

[9]The Petitioner bears the burden of persuading the Court that he exercised due diligence in searching for the factual predicate of his claim. *Bailey v. Crosby*, 2005 U.S. Dist. LEXIS 41317, 2005 WL 2149285, *5 (M.D. Fla. 2005).

2007)("[W]e have never held that there is an 'actual innocence' exception to the AEDPA's one-year statute of limitations, and we decline to do so in the instant case because Taylor has failed to make a substantial showing of actual innocence."); *see also Jordan v. Secretary, Dept. of Corrections*, 485 F.3d 1351, 1356 (11th Cir. 2007)("For what it is worth, our precedent forbids granting habeas relief based upon a claim of actual innocence, anyway, at least in non-capital cases.").

Even if the exception applies, Deskins, as shown *supra*, has failed to satisfy the threshold requirement that he come forward with "new" reliable evidence of factual innocence, and there is nothing in the record that suggests a miscarriage of justice will occur if the Court does not reach the merits of Deskins's claim. *See Murray v. Carrier*, 477 U.S. 478, 495-96 (1986). Deskins has not made out a colorable claim of actual innocence. Accordingly, his petition is time-barred.

**PROCEDURAL DEFAULT**

Even if the federal petition were timely, Deskins would not be entitled to relief because, as Respondent argues, his claims are procedurally barred. Deskins raised his claims in his emergency petition in the state appellate court. The appellate court denied the emergency petition in a one-sentence denial stating "Petitioner's emergency petition for writ of habeas corpus is denied." (Dkt. 11, Ex. 3). Deskins's emergency petition was filed in the state appellate court on August 3, 2005, and the one-sentence decision denying the emergency petition was rendered on August 5, 2005 (Dkt. 11, Ex. 6). Petitioner's emergency petition for writ of habeas corpus was procedurally improper. "A petition for habeas corpus may not be used to collaterally attack a criminal judgment and sentence because Florida Rule of Criminal Procedure 3.850 has superceded habeas corpus as the only means to raise such issues." *Washington v. State*, 876 So.

10

2d 1233, 1234 (Fla. 5th DCA 2004); *see also* Fla. R. Crim. P. 3.850(h)("*Habeas Corpus.* --An application for writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this rule shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court that sentenced the applicant or that the court has denied the applicant relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of the applicant's detention.").

A petitioner requesting a federal court to issue a writ of habeas corpus must present his claims to the state courts in a procedurally correct manner. *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995). Deskins's petition, liberally construed, presents claims of newly discovered evidence and ineffective assistance of trial counsel for failing to inform Deskins of allegedly exculpatory evidence prior to entering his plea. The procedurally correct way for Deskins to have raised a claim of newly discovered evidence in the Florida state courts is by a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. *See Richardson v. State*, 546 So. 2d 1037, 1039 (Fla. 1989)("[A]ll newly discovered evidence claims must be brought in a motion pursuant to Florida Rule of Criminal Procedure 3.850."). The procedurally correct way for Deskins to have raised a claim of ineffective assistance of trial counsel in the Florida state courts is also by a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. *See Smith v. State*, 400 So. 2d 956, 959 (Fla. 1981)("Ineffective assistance of trial counsel is a proper subject to be considered in a post-conviction 3.850 motion.").

The state appellate court's summary denial of Deskins's emergency petition cannot be said to rest on the merits of his claims, as opposed to procedural default.

[T]his Court cannot presume that a Florida court ignores its own procedural rules

when the Court issues only a one-sentence denial of relief, which is essentially a summary dismissal. Such a ruling does not suggest that the state court resolved the issue on the federal claim presented. *See Coleman*, 501 U.S. 722, 735-36, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *Kight v. Singletary*, 50 F.3d 1539, 1544-1545 (11th Cir. 1995) (applying procedural bar where state court's summary dismissal did not explain basis for ruling); *Tower v. Phillips*, 7 F.3d 206, 209 (11th Cir. 1993) (applying bar where state court did not rule on claims presented).

*McNeal v. Crosby*, 2006 WL 314512, at *9 (M.D. Fla. Feb. 9, 2006).

It is now too late for Deskins to file a motion for post-conviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure. *See Bolender v. State*, 658 So. 2d 82, 85 (Fla. 1995)("To avoid the effect of this limitation on the basis of newly discovered evidence, Bolender must demonstrate as a threshold requirement that his motion for relief was filed within two years of the time when evidence upon which avoidance of the time limit was based could have been discovered through the exercise of due diligence."). Claims that are unexhausted and procedurally defaulted in state court are not reviewable by this Court unless the petitioner can demonstrate cause for the default and actual prejudice, *Wainwright v. Sykes*, 433 U.S. 72 (1977), or by establishing the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent" contemplated in *Murray v. Carrier*, 477 U.S. at 496.

Petitioner fails to demonstrate cause and prejudice excusing his default. As with the issue of timeliness, Deskins asserts that the actual innocence exception allows review of the merits of the procedurally barred claims. Deskins's argument has no merit. For the same reason the actual innocence exception does not apply to excuse the untimeliness of the petition, Deskins cannot avoid the procedural bar. The existence of the evidence Deskins claims is "newly discovered" was known to him or his attorney at the time of the entry of his plea. Deskins presents no new

12

reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness accounts, or

critical physical evidence, that was not available at the time of the plea proceeding. Accordingly,

his claims are procedurally barred.

ACCORDINGLY, the Court **ORDERS** that:

1. Deskins's petition for writ of habeas corpus (Dkt. 1) is **DENIED**.

2. The **Clerk** is directed to enter judgment against Deskins, terminate all pending

motions, and close this case.

**DONE and ORDERED** in Tampa, Florida on ___August 8^{th}___, 2008.

JAMES D. WHITTEMORE
United States District Judge

SA:sfc

Copy furnished to:
All Parties/Counsel of Record